THOMAS J. DIXON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43453. Promulgated April 8, 1932.

*Charles L. Brown, Esq.*, for the petitioner.
*R. N. McMillan, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies in income tax for the years 1924, 1925 and 1926 in the respective amounts of $215.75,

**1094**

$180.61 and $133.33. The principal issue is whether the respondent erred in each of the taxable years in increasing the income of the petitioner by adding thereto certain amounts retained by a trust, of which he is a beneficiary, representing depreciation on property owned by the trust.

The petitioner is a resident of Oak Park, Illinois, and is a son of Arthur Dixon, who died testate on October 26, 1917, leaving a will in which a trust was established with income therefrom distributable to the petitioner and several other beneficiaries. The corpus of the trust so created consisted largely of improved real estate. The trustees and beneficiaries under the will have construed its provisions as authorizing them to set up a depreciation reserve out of income from real estate before determining the net income distributable to the beneficiaries. Since 1917 the beneciaries have included in their several income-tax returns only the amounts actually distributed to them by the trustees, which included no part of the trust income set aside as depreciation reserve. For each of the taxable years the respondent has added to petitioner's income from the trust a ratable part of the amounts charged to depreciation reserve for each of such years and has determined the deficiencies here in controversy.

The pertinent part of the will of Arthur Dixon creating the testamentary trust now under consideration is as follows:

Twelfth: * * * I invest my said trustees with full power and authority to manage the real estate aforesaid during the last five years of the trust period created by this clause of my will, in such manner as they shall in the exercise of their discretion deem for the best interest of such trust estate, and those beneficially interested therein, and with full power to do every act and thing in relation thereto and every part thereof, as I could do if living, save only the selling or conveying of the fee title to any part thereof. During the continuance of the last five year trust aforesaid, my said trustees shall pay the net income from said trust real estate, (except lots five (5) and six (6) in Glasscock's Subdivision aforesaid, during the time of the accumulation of the income thereof as hereinbefore directed), annually or oftener, as occasion may in their judgment require, unto my children or unto the descendants of such of them as shall be dead leaving descendants him, her, or them surviving in equal parts, share and share alike * * *.

The Board has several times considered the issue involved in this appeal and has uniformly held that the trust instrument determines whether beneficiaries are entitled ratably to deduct depreciation sustained by the depreciable assets of the trusts. At bar the will does not authorize a depreciation reserve and does direct that the net income of the estate shall be distributed to the beneficiaries. Under the will the trustees were not required to withhold from distribution any amounts representing depreciation. In our opinion the amounts so withheld were income to the beneficiaries and taxable to them under the provisions of section 219 (b) of the Revenue Acts of 1924

and 1926. *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428; *Frederick M. Hubbell et al.*, 14 B. T. A. 1040; affd., *Hubbell* v. *Commissioner*, 46 Fed. (2d) 446.

The petitioner also alleges that his income should be decreased by a ratable deduction therefrom of a part of certain taxes paid in the taxable years on the surplus of the trust. No evidence was adduced as to the nature or amount of such taxes and accordingly the determination of the respondent thereto is approved.

*Decision will be entered for the respondent.*